IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| KYRA MITCHELL<br>4624 Airway Road<br>Dayton, Ohio 43113,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SEVEN D LLC<br>10701 Innovation Drive<br>Miamisburg, Ohio 45342,<br><br>　　**Serve also:**<br>　　SEVEN D LLC<br>　　c/o Dinsmore Agent Co.<br>　　Registered Agent<br>　　255 East Fifth Street, Suite 1900,<br>　　Cincinnati, OH 45202,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.:<br><br>JUDGE:<br><br><br><br>**COMPLAINT FOR DAMAGES**<br>**AND INJUNCTIVE RELIEF**<br><br>**JURY DEMAND ENDORSED**<br>**HEREIN** |

Plaintiff, Kyra Mitchell, by and through undersigned counsel, as her Complaint against Defendant Seven D LLC ("Spavia"), states and avers the following:

### PARTIES, JURIICTION, AND VENUE

1. Mitchell is a resident of the city of Dayton, Montgomery County, Ohio.

2. At all times herein, Mitchell was acting in the course and scope of her employment.

3. Spavia is a domestic limited liability company that does business at 10701 Innovation Drive, Miamisburg, Ohio 45342.

4. Spavia is and, at all times herein, was an employer within the meaning of 42 U.S.C. § 2000e *et seq.* ("Title VII").

5. Spavia is and, at all times herein, was an employer within the meaning of R.C. § 4112.01 *et seq.*

6. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Mitchell is alleging a Federal Law Claim under Title VII, 42 U.S.C. § 2000gg *et seq.*, the Pregnant Workers Fairness Act ("PWFA"), and 29 U.S.C. § 2601, *et seq.*, the Family & Medical Leave Act ("FMLA").

7. Within 300 days of the conduct alleged below, Mitchell filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 473-2024-02532 against Spavia ("Mitchell EEOC Charge").

8. Mitchell dually filed the Mitchell EEOC Charge with the EEOC and the Ohio Civil Rights Commission.

9. On or about February 20, 2025, the EEOC issued a Notice of Right to Sue letter to Mitchell regarding the Mitchell EEOC Charge.

10. Mitchell received her Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1), which has been attached hereto as Plaintiff's Exhibit A.

11. Mitchell has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

12. Mitchell has properly exhausted her administrative remedies pursuant to R.C. § 4112.052.

13. Mitchell has properly exhausted her administrative remedies pursuant to 29 C.F.R. § 1614.407(a).

## FACTS

14. Mitchell is a former employee of Spavia.

15. Mitchell began working for Spavia on or about September 12, 2022.

16. Mitchell worked for Spavia as a Lead Guest Advisor.

17. In November of 2023, Mitchell became pregnant.

18. Spavia was, at all times hereinafter mentioned, engaged in commerce or in an industry or activity affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar work weeks in the current or preceding calendar year and, therefore, is an employer as defined in 29 U.S.C. § 2611(4).

19. At all times relevant herein, Mitchell was employed by Spavia for at least 12 months and had at least 1,250 hours of service with Spavia and, therefore, was an "eligible employee" under the FMLA, as that term is defined in 29 U.S.C. § 2611(2)(A).

20. On or about January 18, 2024, Mitchell began experiencing pregnancy-related illness.

21. Following the onset of her pregnancy-related illness, in or around January of 2024, Mitchell submitted a doctor's note and corresponding pregnancy accommodation request to her general manager, Alyssa Herbert ("Herbert") ("Accommodation Request").

22. In her Accommodation Request, Mitchell asked for understanding and flexibility regarding her job duties and schedule for the duration of her pregnancy.

23. The Accommodation Request was reasonable.

24. Spavia could have granted the Accommodation Request without undue burden on the company.

25. Immediately following Mitchell's Accommodation Request, Spavia began retaliating against Mitchell.

26. In or around February of 2024, Spavia assigned Mitchell to less desirable shifts and reduced her work hours despite Mitchell not requesting a reduction in hours ("First Discriminatory Actions").

27. The First Discriminatory Actions were adverse actions.

28. The First Discriminatory Actions were adverse employment actions.

29. Mitchell did not request a shift change.

30. Mitchell did not request a reduction in work hours.

31. The reductions in hours resulted in lower pay for Mitchell.

32. The reduction in hours and assignment to less desirable shifts would dissuade a reasonable person from requesting pregnancy accommodation.

33. Spavia assigned Mitchell to less desirable shifts and reduced her hours because of her pregnancy.

34. Spavia assigned Mitchell to less desirable shifts and reduced her hours in retaliation for her Accommodation Request.

35. Mitchell complained to Herbert regarding the shift change and reduction in hours and stated that she felt she was being retaliated against due to her Accommodation Request ("Discrimination Complaint").

36. Spavia has a policy against discrimination ("Discrimination Policy").

37. Spavia's Discrimination Policy precludes retaliation against employees who complain about discrimination.

38. Alternatively, retaliation against employees who complain about discrimination is permitted by Spavia.

39. Spavia's Discrimination Policy precludes intimidation against employees who complain about discrimination.

40. Alternatively, intimidation against employees who complain about discrimination is permitted by Spavia.

41. Spavia's Discrimination Policy requires employees to report what they reasonably believe is a violation of the Discrimination Policy.

42. Spavia's Discrimination Policy precludes retaliation against employees who report a violation of the Discrimination Policy.

43. Alternatively, retaliation against employees who report a violation of the Discrimination Policy is permitted by Spavia.

44. Spavia's Discrimination Policy precludes intimidation against employees who report a violation of the Discrimination Policy.

45. Alternatively, intimidation against employees who report a violation of the Discrimination Policy is permitted by Spavia.

46. The First Discriminatory Actions violate the Discrimination Policy.

47. Spavia has a policy to investigate reports of violations of the Discrimination Policy.

48. An investigation should include interviewing the complainant.

49. An investigation should include interviewing the subject of the complaint.

50. An investigation should include interviewing the subject of the reported discrimination.

51. An investigation should include interviewing witnesses to the reported discrimination.

52. An investigation should include getting a written statement from the complainant.

53. An investigation should include getting a written statement from the subject of the complaint.

54. An investigation should include getting a written statement from the subject of the reported discrimination.

55. An investigation should include getting a written statement from witnesses to the reported discrimination.

56. In response to Mitchell's Discrimination Complaint, Spavia did not interview Mitchell.

57. In response to Mitchell's Discrimination Complaint, Spavia did not interview Herbert.

58. In response to Mitchell's Discrimination Complaint, Spavia did not interview witnesses.

59. In response to Mitchell's Discrimination Complaint, Spavia did not get a written statement from Mitchell.

60. In response to Mitchell's Discrimination Complaint, Spavia did not get a written statement from Herbert.

61. In response to Mitchell's Discrimination Complaint, Spavia did not get a written statement from witnesses.

62. Spavia did not take remedial action against any employees in response to Mitchell's Discrimination Complaint.

63. On or about February 24, 2024, Mitchell requested a few days off from work due to her ongoing pregnancy-related illness ("Second Accommodation Request").

64. Spavia granted the Second Accommodation Request.

65. The Second Accommodation Request was reasonable.

66. The Second Accommodation Request did not result in an undue burden on Spavia.

67. After Mitchell made her Second Accommodation Request, Spavia did not notify Mithcell of her FMLA rights.

68. Immediately following Mitchell's Second Accommodation Request, Spavia began retaliating against Mitchell.

69. Mitchell returned to work from her Second Accommodation Request on February 27, 2024.

70. Upon Mitchell's return from her Second Accommodation Request, Spavia again reduced her working hours. ("Second Discriminatory Action")

71. The Second Discriminatory Action was an adverse action.

72. The Second Discriminatory Action was an adverse employment action.

73. Mitchell did not request a reduction in work hours.

74. The reductions in hours resulted in lower pay for Mitchell.

75. Upon Mitchell's Return from her Second Accommodation Request, Herbert displayed visible frustration with Mitchell and began treating her less favorably.

76. On or about March 5, 2024, Herbert terminated Mitchell.

77. Spavia has a progressive disciplinary policy ("Discipline Policy").

78. A verbal warning is the lowest level of discipline in the Discipline Policy.

79. Mitchell did not receive a verbal warning before the termination.

80. A written warning is a higher level of discipline than a verbal warning in the Discipline Policy.

81. Mitchell did not receive a written warning before the termination.

82. A termination is the highest level of discipline in the Discipline Policy.

83. Spavia knowingly skipped progressive disciplinary steps in terminating Mitchell's employment.

84. Spavia knowingly terminated Mitchell's employment.

85. Spavia knowingly took an adverse employment action against Mitchell.

86. Spavia knowingly took an adverse action against Mitchell.

87. Spavia intentionally skipped progressive disciplinary steps in terminating Mitchell's employment.

88. Spavia intentionally terminated Mitchell's employment.

89. Spavia intentionally took an adverse employment action against Mitchell.

90. Spavia intentionally took an adverse action against Mitchell.

91. Spavia willfully skipped progressive disciplinary steps in terminating Mitchell's employment.

92. Spavia willfully terminated Mitchell's employment.

93. Spavia willfully took an adverse employment action against Mitchell.

94. Spavia willfully took an adverse action against Mitchell.

95. Spavia knew that skipping progressive disciplinary steps in terminating Mitchell's employment would cause Mitchell harm, including economic harm.

96. Spavia knew that terminating Mitchell's employment would cause Mitchell harm, including economic harm.

97. The termination was nine days after the Second Accommodation Request.

98. Spavia did not terminate employees with similar or worse attendance records than Mitchell.

99. Spavia terminated Mitchell's employment because of her pregnancy.

100. Spavia terminated Mitchell's employment because she requested accommodations for her pregnancy.

101. Spavia terminated Mitchell's employment because they anticipated that she would need and request intermittent FMLA leave.

102. Spavia terminated Mitchell to interfere with her FMLA rights.

103. As a direct and proximate result of Spavia's conduct, Mitchell suffered and will continue to suffer damages, including economic and emotional distress damages.

**COUNT I: UNLAWFUL PREGNANCY DISCRIMINATION IN VIOLATION OF TITLE VII**

104. Mitchell restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

105. Under Title VII, it is unlawful for an employer to discriminate against an employee on the basis of sex.

106. 42 U.S.C. § 2000e provides that the term "on the basis of sex" includes, but is not limited to, any illness arising out of and occurring during the course of a pregnancy, childbirth, or related medical conditions.

107. Spavia, by and through its agents and employees, created and/or maintained a work environment hostile to pregnant women.

108. Spavia terminated Mitchell's employment because of her pregnancy.

109. Spavia's discrimination against Mitchell based on her pregnancy violates Title VII.

110. Spavia's termination of Mitchell's employment based on her pregnancy violates Title VII.

111. As a direct and proximate result of Spavia's conduct, Mitchell suffered and will continue to suffer damages, including economic and emotional distress damages.

## COUNT II: UNLAWFUL PREGNANCY DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

112. Mitchell restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

113. Under R.C. § 4112.01 it is unlawful for an employer to discriminate against an employee on the basis of sex.

114. R.C. § 4112.01(B) provides that the term "on the basis of sex" includes, but is not limited to, "on the basis of pregnancy, any illness arising out of and occurring during the course of pregnancy, childbirth, or related medical conditions."

115. R.C. § 4112.01(B) further mandates that pregnant women shall be treated the same for all employment-related purposes as other persons not so affected but similar in their ability or inability to work.

116. Spavia, by and through its agents and employees, created and/or maintained a work environment hostile to pregnant women.

117. Spavia terminated Mitchell's employment because of her pregnancy.

118. Spavia's discrimination against Mitchell based on her pregnancy violates R.C. § 4112.01 *et seq*.

119. Spavia's termination of Mitchell's employment based on her pregnancy violates R.C. § 4112.01 *et seq*.

120. As a direct and proximate result of Spavia's conduct, Mitchell suffered and will continue to suffer damages, including economic and emotional distress damages.

## COUNT III: FAILURE TO ACCOMMODATE UNDER PWFA

121. Mitchell restates each and every prior paragraph of this Complaint as if it were fully restated herein.

122. Mitchell informed Spavia of her pregnancy.

123. Mitchell informed Spavia that she was significantly limited in her ability to maintain her usual work schedule without added flexibility to cope with pregnancy-related issues and illness.

124. Mitchell requested accommodations from Spavia, including a flexible work schedule and understanding of her pregnancy-related issues.

125. Mitchell's requested accommodations were reasonable.

126. There were accommodations available that would have been effective and would not have posed an undue hardship to Spavia.

127. Spavia failed to engage in the interactive process of determining whether Mitchell needed an accommodation.

128. Spavia failed to provide an accommodation.

129. Spavia violated PWFA by failing to provide Mitchell a reasonable accommodation.

130. As a direct and proximate result of Spavia's conduct, Mitchell suffered and will continue to suffer damages, including economic and emotional distress damages.

### COUNT IV: FAILURE TO ACCOMMODATE UNDER R.C. § 4112.01 *et seq.*

131. Mitchell restates each and every prior paragraph of this Complaint as if full restated herein.

132. Mitchell informed Spavia of her pregnancy.

133. Mitchell informed Spavia that she was significantly limited in her ability to maintain her usual work schedule without added flexibility to cope with pregnancy-related issues and illness.

134. Mitchell requested accommodations from Spavia, including a flexible work schedule and understanding of her pregnancy-related issues.

135. Mitchell's requested accommodations were reasonable.

136. There were accommodations available that would have been effective and would not have posed an undue hardship to Spavia.

137. Spavia failed to engage in the interactive process of determining whether Mitchell needed an accommodation.

138. Spavia failed to provide an accommodation.

139. Spavia violated R.C. § 4112.02 by failing to provide Mitchell a reasonable accommodation.

140. As a direct and proximate result of Spavia's conduct, Mitchell suffered and will continue to suffer damages, including economic and emotional distress damages.

### COUNT V: RETALIATION IN VIOLATION OF PWFA

141. Mitchell restates each and every prior paragraph of this Complaint as if it were fully restated herein.

142. Mitchell requested accommodations for her pregnancy and related medical conditions.

143. Subsequent to Mitchell's accommodation requests, Spavia assigned Mitchell to a less desirable shift and reduced her work hours.

144. Subsequent to Mitchell's accommodation requests, Spavia terminated her employment.

145. Spavia's actions were retaliatory in nature based on Mitchell's opposition to the unlawful discriminatory conduct.

146. Pursuant to 42 U.S.C. § 2000gg-1(5), it is an unlawful discriminatory practice to "take adverse action in terms, conditions, or privileges of employment against a qualified employee on account of the employee requesting or using a reasonable accommodation to the known limitations related to the pregnancy, childbirth, or related medical conditions of the employee."

147. As a direct and proximate result of Spavia's conduct, Mitchell suffered and will continue to suffer damages, including economic and emotional distress damages.

### COUNT VI: RETALIATION IN VIOLATION OF R.C. § 4112.02(I)

148. Mitchell restates each and every prior paragraph of this Complaint as if it were fully restated herein.

149. Mitchell requested accommodations for her pregnancy and related medical conditions.

150. Subsequent to Mitchell's accommodation requests, Spavia assigned Mitchell to a less desirable shift and reduced her work hours.

151. Subsequent to Mitchell's accommodation requests, Spavia terminated her employment.

152. Spavia's actions were retaliatory in nature based on Mitchell's opposition to the unlawful discriminatory conduct.

153. Pursuant to R.C. § 4112.02(I), it is an unlawful discriminatory practice to retaliate against a person for engaging in a protected activity under the statute.

154. As a direct and proximate result of Spavia's conduct, Mitchell suffered and will continue to suffer damages, including economic and emotional distress damages.

### COUNT VII: UNLAWFUL INTERFERENCE WITH FMLA RIGHTS

155. Mitchell restates each and every prior paragraph of this Complaint as if it were fully restated herein.

156. Pursuant to 29 U.S.C. § 2601 *et seq.*, covered employers are required to provide employees job-protected unpaid leave for qualified medical and family situations.

157. Spavia is a covered employer under FMLA.

158. During her employment, Mitchell qualified for FMLA leave.

159. During her employment, Spavia unlawfully failed to inform Mitchell of her FMLA rights when she requested leave for reasons that would qualify under the FMLA.

160. Spavia's failure to inform Mitchell of her FMLA rights violates FMLA Regulations § 825.300(b)(1).

161. Spavia terminated Mitchell in anticipation of her need to take FMLA leave.

162. Spavia's termination of Mitchell in anticipation of her need to take FMLA leave violates FMLA Regulations § 825.220.

163. As a direct and proximate result of Spavia's conduct, Mitchell has suffered and will continue to suffer damages.

### DEMAND FOR RELIEF

WHEREFORE, Plaintiff Kyra Mitchell respectfully requests that this Honorable Court grant the following relief:

(a) Issue a permanent injunction:

    (i) Requiring Spavia to abolish discrimination, harassment, and retaliation;

    (ii)    Requiring allocation of significant funding and trained staff to implement all changes within two years;

    (iii)    Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to investigate complaints promptly and/or take effective action to stop and deter prohibited personnel practices against employees;

    (iv)    Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

    (v)    Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(b) An award against Spavia of compensatory and monetary damages to compensate Mitchell for lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against Spavia in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Mitchell claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

                        Respectfully submitted,

                        */s/ Trisha Breedlove*
                        Trisha Breedlove (0095852)
                        **SPITZ, THE EMPLOYEE'S LAW FIRM**
                        1103 Schrock Road, Suite 307
                        Columbus, Ohio 43229

        Phone: (614) 556-4811
        Fax:    (216) 291-5744
        Email: trisha.breedlove@spitzlawfirm.com

*Attorney for Plaintiff Kyra Mitchell*

## JURY DEMAND

Plaintiff Kyra Mitchell demands a trial by jury by the maximum number of jurors permitted.


        */s/ Trisha Breedlove*
        Trisha Breedlove (0095852)
        **SPITZ, THE EMPLOYEE'S LAW FIRM**

        *Attorney for Plaintiff Kyra Mitchell*