UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| KYRA MITCHELL | : | CASE NO. 3:25-CV-00161 |
| Plaintiff, | : | Judge Walter H. Rice |
| vs. | : | Magistrate Judge Peter B. Silvain |
| SEVEN D LLC, | : | **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| Defendant. | : | |

Now comes Defendant Seven D LLC dba Spavia Austin Landing ("Defendant"), by and through counsel, and for its Answer to Plaintiff Kyra Mitchell's ("Plaintiff" or "Mitchell") Complaint, states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Defendant denies the allegations in Paragraph 1 for lack of knowledge.

2. Paragraph 2 calls for a legal conclusion, to which no response from Defendant is required. To the extent a response is required, Defendant denies the allegations in Paragraph 2 including for lack of knowledge.

3. Defendant admits that Seven D LLC is a limited liability company organized in Ohio, which does business at 10701 Innovation Drive, Miamisburg, Ohio 45342. All other allegations set forth in Paragraph 3 which are not specifically admitted in this response are denied.

4. Paragraph 4 calls for a legal conclusion, to which no response from Defendant is required.

5. Paragraph 5 calls for a legal conclusion, to which no response from Defendant is required.

6. Defendant admits that the Complaint purports to raise claims under Title VII, the Pregnant Workers Fairness Act ("PWFA"), and the Family & Medical Leave Act ("FMLA"), but

denies the merit of such claims. Stating further, Defendant denies that Plaintiff's FMLA claims are proper as Defendant does not meet the threshold number of employees required for the FMLA to apply to Defendant. All other allegations set forth in Paragraph 6 which are not specifically admitted in this response are denied.

7. Defendant admits that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Defendant denies the remaining allegations in Paragraph 7 for lack of knowledge.

8. Defendant admits that Plaintiff filed an Employment Discrimination Charge with the Ohio Civil Rights Commission. Defendant denies the remaining allegations in Paragraph 8 for lack of knowledge.

9. Defendant admits that the EEOC issued a Notice of Right to Sue dated February 20, 2025, a copy of which appears to be attached to the Complaint as Exhibit A. All other allegations set forth in Paragraph 9 which are not specifically admitted in this response are denied.

10. Defendant admits that a copy of the Notice of Right to Sue appears to have been attached to the Complaint as Exhibit A. All other allegations set forth in Paragraph 10 which are not specifically admitted in this response are denied.

11. Defendant admits that, upon information and belief, Plaintiff has filed the Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

12. Paragraph 12 calls for a legal conclusion, to which no response from Defendant is required.

13. Paragraph 13 calls for a legal conclusion, to which no response from Defendant is required.

## FACTS

14. Defendant admits the allegations in Paragraph 14.

2

15. Defendant admits Plaintiff was hired in September 2022. All other allegations set forth in Paragraph 15 which are not specifically admitted in this response are denied.

16. Defendant admits that during a portion of Plaintiff's employment, her job title included Lead Guest Advisor. All other allegations set forth in Paragraph 16 which are not specifically admitted in this response are denied.

17. Defendant denies the allegations in Paragraph 17 for lack of knowledge.

18. Defendant denies the allegations in Paragraph 18. Stating further, Defendant has not employed 50 or more employees during each of 20 or more calendar work weeks in the current or preceding calendar year or at any time during Plaintiff's employment and thus, the FMLA does not apply.

19. Paragraph 19 calls for a legal conclusion, to which no response from Defendant is required. To the extent a response is required, Defendant denies the allegations in Paragraph 19 on the basis that the FMLA does not apply, and thus Plaintiff is not an "eligible employee" under the FMLA.

20. Defendant denies the allegations in Paragraph 20 for lack of knowledge.

21. Defendant denies the allegations in Paragraph 21.

22. Defendant denies the allegations in Paragraph 22.

23. Defendant denies the allegations in Paragraph 23.

24. Defendant denies the allegations in Paragraph 24.

25. Defendant denies the allegations in Paragraph 25.

26. Defendant admits that in February 2024, as a result of Plaintiff's continued failure to arrive on time for her scheduled opening shift, Defendant moved Plaintiff from the opening shift to the middle shift to fit the needs of the business. All other allegations set forth in Paragraph 26 which are not specifically admitted in this response are denied.

27. Defendant denies the allegations in Paragraph 27.

28. Defendant denies the allegations in Paragraph 28.

29. Defendant admits the allegations in Paragraph 29.

30. Defendant admits the allegations in Paragraph 30.

31. Defendant admits that Plaintiff's refusal to work the entirety of her assigned middle shift resulted in fewer hours. All other allegations set forth in Paragraph 31 which are not specifically admitted in this response are denied.

32. Defendant denies the allegations in Paragraph 32.

33. Defendant denies the allegations in Paragraph 33.

34. Defendant denies the allegations in Paragraph 34.

35. Defendant denies the allegations in Paragraph 35.

36. Defendant admits that it has a policy against discrimination, which speaks for itself. All other allegations set forth in Paragraph 36 which are not specifically admitted in this response are denied.

37. Defendant admits that it has a policy against discrimination, which speaks for itself. All other allegations set forth in Paragraph 37 which are not specifically admitted in this response are denied.

38. Defendant denies the allegations in Paragraph 38.

39. Defendant admits that it has a policy against discrimination, which speaks for itself. All other allegations set forth in Paragraph 39 which are not specifically admitted in this response are denied.

40. Defendant denies the allegations in Paragraph 40.

41. Defendant admits that it has a policy against discrimination, which speaks for itself. All other allegations set forth in Paragraph 41 which are not specifically admitted in this response are denied.

42. Defendant admits that it has a policy against discrimination, which speaks for itself. All other allegations set forth in Paragraph 42 which are not specifically admitted in this response are denied.

43. Defendant denies the allegations in Paragraph 43.

44. Defendant admits it has a policy against discrimination, which speaks for itself. All other allegations set forth in Paragraph 44 which are not specifically admitted in this response are denied.

45. Defendant denies the allegations in Paragraph 45.

46. Defendant denies the allegations in Paragraph 46.

47. Defendant admits that it has a policy against discrimination, which speaks for itself. All other allegations set forth in Paragraph 47 which are not specifically admitted in this response are denied.

48. The allegations in Paragraph 48 are general and not tied to any particular facts of this case, and Defendant denies the allegations in Paragraph 48 including on this basis.

49. The allegations in Paragraph 49 are general and not tied to any particular facts of this case, and Defendant denies the allegations in Paragraph 49 including on this basis.

50. The allegations in Paragraph 50 are general and not tied to any particular facts of this case, and Defendant denies the allegations in Paragraph 50 including on this basis.

51. The allegations in Paragraph 51 are general and not tied to any particular facts of this case, and Defendant denies the allegations in Paragraph 51 including on this basis.

52. The allegations in Paragraph 52 are general and not tied to any particular facts of this case, and Defendant denies the allegations in Paragraph 52 including on this basis.

53. The allegations in Paragraph 53 are general and not tied to any particular facts of this case, and Defendant denies the allegations in Paragraph 53 including on this basis.

54. The allegations in Paragraph 54 are general and not tied to any particular facts of this case, and Defendant denies the allegations in Paragraph 54 including on this basis.

55. The allegations in Paragraph 55 are general and not tied to any particular facts of this case, and Defendant denies the allegations in Paragraph 55 including on this basis.

56. Defendant denies the allegations in Paragraph 56. Stating further, Defendant denies that Plaintiff made a complaint of discrimination during her employment.

57. Defendant denies the allegations in Paragraph 57. Stating further, Defendant denies that Plaintiff made a complaint of discrimination during her employment.

58. Defendant denies the allegations in Paragraph 58. Stating further, Defendant denies that Plaintiff made a complaint of discrimination during her employment.

59. Defendant denies the allegations in Paragraph 59. Stating further, Defendant denies that Plaintiff made a complaint of discrimination during her employment.

60. Defendant denies the allegations in Paragraph 60. Stating further, Defendant denies that Plaintiff made a complaint of discrimination during her employment.

61. Defendant denies the allegations in Paragraph 61. Stating further, Defendant denies that Plaintiff made a complaint of discrimination during her employment.

62. Defendant denies the allegations in Paragraph 62. Stating further, Defendant denies that Plaintiff made a complaint of discrimination during her employment.

63. Defendant admits that Plaintiff called out of work on February 22, 2024, February 23, 2024, and February 24, 2024. All other allegations set forth in Paragraph 63 which are not specifically admitted in this response are denied.

64. Defendant admits that Plaintiff called out of work on February 22, 2024, February 23, 2024, and February 24, 2024. All other allegations set forth in Paragraph 64 which are not specifically admitted in this response are denied.

65. Defendant denies the allegations in Paragraph 65.

66. Defendant denies the allegations in Paragraph 66.

67. Defendant admits it did not notify Plaintiff of her FMLA rights as the FMLA does not apply to Defendant. All other allegations in Paragraph 67 which are not specifically admitted in this response are denied.

68. Defendant denies the allegations in Paragraph 68.

69. Defendant admits that following her three call outs, Plaintiff returned to work on February 27, 2024. All other allegations set forth in Paragraph 69 which are not specifically admitted in this response are denied.

70. Defendant denies the allegations in Paragraph 70.

71. Defendant denies the allegations in Paragraph 71.

72. Defendant denies the allegations in Paragraph 72.

73. Defendant admits the allegations in Paragraph 73.

74. Defendant admits that Plaintiff's refusal to work the entirety of her assigned shifts resulted in fewer hours. All other allegations set forth in Paragraph 74 which are not specifically admitted in this response are denied.

75. Defendant denies the allegations in Paragraph 75.

76. Defendant admits the allegations in Paragraph 76.

7

77. Defendant denies the allegations in Paragraph 77.

78. Defendant denies the allegations in Paragraph 78.

79. Defendant denies the allegations in Paragraph 79.

80. Defendant denies the allegations in Paragraph 80.

81. Defendant denies the allegations in Paragraph 81.

82. Defendant denies the allegations in Paragraph 82.

83. Defendant denies the allegations in Paragraph 83.

84. Defendant admits that Plaintiff's employment at Defendant was terminated. All other allegations set forth in Paragraph 84 which are not specifically admitted in this response are denied.

85. Defendant admits that Plaintiff's employment was terminated. All other allegations set forth in Paragraph 85 which are not specifically admitted in this response are denied.

86. Defendant admits that Plaintiff's employment was terminated. All other allegations set forth in Paragraph 86 which are not specifically admitted in this response are denied.

87. Defendant denies the allegations in Paragraph 87.

88. Defendant admits that Plaintiff's employment was terminated. All other allegations set forth in Paragraph 88 which are not specifically admitted in this response are denied.

89. Defendant admits that Plaintiff's employment was terminated. All other allegations set forth in Paragraph 89 which are not specifically admitted in this response are denied.

90. Defendant admits that Plaintiff's employment was terminated. All other allegations set forth in Paragraph 90 which are not specifically admitted in this response are denied.

91. Defendant denies the allegations in Paragraph 91.

92. Defendant admits that Plaintiff's employment was terminated. All other allegations set forth in Paragraph 92 which are not specifically admitted in this response are denied.

93. Defendant admits that Plaintiff's employment was terminated. All other allegations set forth in Paragraph 93 which are not specifically admitted in this response are denied.

94. Defendant admits that Plaintiff's employment was terminated. All other allegations set forth in Paragraph 94 which are not specifically admitted in this response are denied.

95. Defendant denies the allegations in Paragraph 95.

96. Defendant denies the allegations in Paragraph 96.

97. Defendant denies the allegations in Paragraph 97.

98. Defendant denies the allegations in Paragraph 98.

99. Defendant denies the allegations in Paragraph 99.

100. Defendant denies the allegations in Paragraph 100.

101. Defendant denies the allegations in Paragraph 101. Stating further, as an employer with less than 50 employees during the relevant period, the FMLA does not apply to Defendant.

102. Defendant denies the allegations in Paragraph 102. Stating further, as an employer with less than 50 employees during the relevant period, the FMLA does not apply to Defendant.

103. Defendant denies the allegations in Paragraph 103.

## COUNT I: UNLAWFUL PREGNANCY DISCRIMINATION IN VIOLATION OF TITLE VII

104. Defendant incorporates the admissions and denials of Paragraphs 1 through 103 as if fully rewritten herein.

105. Paragraph 105 calls for a legal conclusion, to which no response from Defendant is required.

106. Paragraph 106 calls for a legal conclusion, to which no response from Defendant is required.

107. Defendant denies the allegations in Paragraph 107.

108. Defendant denies the allegations in Paragraph 108.

9

109. Defendant denies the allegations in Paragraph 109.

110. Defendant denies the allegations in Paragraph 110.

111. Defendant denies the allegations in Paragraph 111.

### COUNT II: UNLAWFUL PREGNANCY DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

112. Defendant incorporates the admissions and denials of Paragraphs 1 through 111 as if fully rewritten herein.

113. Paragraph 113 calls for a legal conclusion, to which no response from Defendant is required.

114. Paragraph 114 calls for a legal conclusion, to which no response from Defendant is required.

115. Paragraph 115 calls for a legal conclusion, to which no response from Defendant is required.

116. Defendant denies the allegations in Paragraph 116.

117. Defendant denies the allegations in Paragraph 117.

118. Defendant denies the allegations in Paragraph 118.

119. Defendant denies the allegations in Paragraph 119.

120. Defendant denies the allegations in Paragraph 120.

### COUNT III: FAILURE TO ACCOMMODATE UNDER PWFA

121. Defendant incorporates the admissions and denials of Paragraphs 1 through 120 as if fully rewritten herein.

122. Defendant admits the allegations in Paragraph 122.

123. Defendant denies the allegations in Paragraph 123.

124. Defendant denies the allegations in Paragraph 124.

125. Defendant denies the allegations in Paragraph 125.

126. Defendant denies the allegations in Paragraph 126.

127. Defendant denies the allegations in Paragraph 127.

128. Defendant denies the allegations in Paragraph 128.

129. Defendant denies the allegations in Paragraph 129.

130. Defendant denies the allegations in paragraph 130.

### COUNT IV: FAILURE TO ACCOMMODATE UNDER R.C. § 4112.01 *et seq.*

131. Defendant incorporates the admissions and denials of Paragraphs 1 through 130 as if fully rewritten herein.

132. Defendant admits the allegations in Paragraph 132.

133. Defendant denies the allegations in Paragraph 133.

134. Defendant denies the allegations in Paragraph 134.

135. Defendant denies the allegations in Paragraph 135.

136. Defendant denies the allegations in Paragraph 136.

137. Defendant denies the allegations in Paragraph 137.

138. Defendant denies the allegations in Paragraph 138.

139. Defendant denies the allegations in Paragraph 139.

140. Defendant denies the allegations in Paragraph 140.

### COUNT V: RETALIATION IN VIOLATION OF PWFA

141. Defendant incorporates the admissions and denials of Paragraphs 1 through 140 as if fully rewritten herein.

142. Defendant denies the allegations in Paragraph 142.

143. Defendant denies the allegations in Paragraph 143.

144. Defendant denies the allegations in Paragraph 144.

145. Defendant denies the allegations in Paragraph 145.

146. Paragraph 146 calls for a legal conclusion, to which no response from Defendant is required.

147. Defendant denies the allegations in Paragraph 147.

### COUNT VI: RETALIATION IN VIOLATION OF R.C. § 4112.02(I)

148. Defendant incorporates the admissions and denials of Paragraphs 1 through 147 as if fully rewritten herein.

149. Defendant denies the allegations in Paragraph 149.

150. Defendant denies the allegations in Paragraph 150.

151. Defendant denies the allegations in Paragraph 151.

152. Defendant denies the allegations in Paragraph 152.

153. Paragraph 153 calls for a legal conclusion, to which no response from Defendant is required.

154. Defendant denies the allegations in Paragraph 154.

### COUNT VII: UNLAWFUL INTERFERENCE WITH FMLA RIGHTS

155. Defendant incorporates the admissions and denials of Paragraph 1 through 154 as if fully rewritten herein.

156. Paragraph 156 calls for a legal conclusion, to which no response from Defendant is required.

157. Defendant denies the allegations in Paragraph 157.

158. Defendant denies the allegations in Paragraph 158.

159. Defendant denies the allegations in Paragraph 159.

160. Defendant denies the allegations in Paragraph 160.

161. Defendant denies the allegations in Paragraph 161.

162. Defendant denies the allegations in Paragraph 162.

163. Defendant denies the allegations in Paragraph 163.

## FIRST AFFIRMATIVE DEFENSE

1. Plaintiff fails to state a claim for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's claims are barred, in whole or in part, by any applicable statutes of limitation.

## THIRD AFFIRMATIVE DEFENSE

3. The Court lacks jurisdiction over some or all of Plaintiff's claims.

## FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's claims are barred, in whole or in part, for failure to exhaust statutory and/or administrative remedies.

## FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff's claims are barred or reduced, in whole or in part, by the doctrines of waiver, release, estoppel, unclean hands, and/or laches.

## SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff's claims are barred or reduced, in whole or in part, based upon Plaintiff's failure to properly mitigate her alleged damages.

## SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff's claims are barred or reduced, in whole or in part, based upon the doctrine of after-acquired evidence.

## EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiff's claims should be dismissed to the extent that they were not set forth in her administrative charge.

## NINTH AFFIRMATIVE DEFENSE

9. Plaintiff fails to state a prima facie case under any of the claims or causes of action she has asserted; in the alternative, assuming Plaintiff has stated a prima facie case, all conduct and actions on the part of Defendant concerning Plaintiff were based on legitimate, non-discriminatory, and non-retaliatory reasons.

### TENTH AFFIRMATIVE DEFENSE

10. To the extent that Plaintiff is able to prove that a prohibited factor motivated Defendant's alleged employment action, which Defendant expressly denies, the same action would have been taken even absent such motivation, and therefore, the Plaintiff's claims must fail.

### ELEVENTH AFFIRMATIVE DEFENSE

11. Defendant held an honest belief in the reason for Plaintiff's termination.

### TWELFTH AFFIRMATIVE DEFENSE

12. Plaintiff failed to request an accommodation.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. To the extent Plaintiff did request any form of accommodation (which Defendant denies), such request was not reasonable, and would constitute an undue hardship on Defendant.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. To the extent Plaintiff did request any form of accommodation (which Defendant denies), Defendant made good faith efforts to engage in the interactive process with the employee to identify and make a reasonable accommodation.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. Defendant hereby gives notice of its intent to raise all other affirmative defenses that become available to Defendant during this litigation.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. Defendant hereby incorporates all additional affirmative defenses available to it, and reserves the right to amend Defendant's answer.

**WHEREFORE,** Defendant Seven D LLC requests that Plaintiff's Complaint be dismissed with prejudice, awarding Defendant costs incurred, reasonable attorney's fees and expenses, and any and all additional relief to which Defendant is entitled.

Respectfully submitted,

*/s/ Joshua M. Smith, Esq.*
Joshua M. Smith (0092360)
Bailey E. Sharpe (0103565)
SSP Law Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
(513) 533-6715
(513) 533-2711 – fax
jms@sspfirm.com
bes@sspfirm.com
**Attorneys for Defendant**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served upon the following on this 14th day of July, 2025, via the Court's CM/ECF system, and via ordinary and/or electronic mail:

Trisha Breedlove, Esq.
SPITZ, The Employee's Law Firm
1103 Schrock Road, Suite 307
Columbus, OH 43229
trisha.breedlove@spitzlawfirm.com

*/s/ Joshua M. Smith, Esq.*
Joshua M. Smith (0092360)